UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SANDRA J. GRIBBINS,
                         **Plaintiff**

v.                                                                       Civil Action No.
                                                                          3:04CV293-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                         **Defendant**

### MEMORANDUM OPINION

      This case presents plaintiff Sandra Gribbins' challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the record as a whole, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      Ms. Gribbins filed her applications in April of 2002, alleging that she had been unable to engage in substantial gainful employment since January of 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that plaintiff had severe impairments that prevented her from performing her past relevant work, but that she retained the residual functional capacity for a significant number of jobs in the national economy.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. <u>Stanley v. Secretary</u>, 39 F.3d 115 (6th Cir. 1994), <u>Tyra v. Secretary</u>, 896 F.2d 1024 (6th Cir. 1990), <u>Mullen v Brown</u>, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Gribbins contends that the ALJ erred in failing to explain his reasoning in rejecting lines of evidence. It appears that she is concerned that the records of Dr. Verghis and Geevarghese (pain management specialists) were not considered.[1] Dr. Verghis conducted a new patient evaluation on December 16, 2002, noting "mild distress secondary to pain" and "depressed affect," and observing diffuse non-dermatomal sensory loss in right upper extremity and in the right L5-S1 nerve distribution in the right lower extremity. "Allodynia and dysesthesia was also noted in a non-dermatomal pattern in her right lower extremity distally in the S1 distribution." Tr. 318. MRI revealed degenerative disk disease at Cr-C6 and at L4-L5. Tr. 319. Dr. Verghis diagnosed chronic pain syndrome, right upper extremity with possibility of chronic regional pain syndrome type II, and degenerative disk disease lumbar spine. Dr. Verghis observed that her medication was low dose Ultram, and that he hoped to wean her off of even this medication. Tr. 319. Although the record notes an appointment for follow-up on January 13, 2003 (Tr. 315), that does not appear to have occurred.

---

[1] Although she mentions several discrete pieces of evidence, there is no legal requirement that the ALJ mention every piece of evidence in order to establish that it was considered. Furthermore, Court review has been hampered by the failure of the plaintiff to comply with the order to cite to specific transcript pages to support all claims. For example, while plaintiff mentions six visits to Dr. Verghis and Dr. Geevarghese, she provided transcript reference to only one.

2

On April 8, 2003, Ms. Gribbins saw Dr. Geevarghese (in Louisville). He noted some numbness and weakness, and he recorded her complaints of neck, shoulder and low back pain. Tr. 373. She had a cervical injection (ESI) on April 29, 2003. Tr. 447. On May 27, 2003, when she presented for her second cervical ESI, she reported that the first had given 30% improvement. Tr. 425. After these two injections, she was "a whole lot improved." Tr. 478. On August 5, 2003, Ms. Gribbins had a right stellate ganglion block, after which she experienced "excellent relief." Tr. 474.

While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929(c)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

The ALJ's opinion did not include the same detailed report of the records that is outlined above. That, however, does not indicate that the records were not reviewed. Most importantly, Ms. Gribbins has pointed to nothing in the records of the pain management specialists that

3

provides objective support for her contention of severe and intractable pain. To the extent that the records report her subjective complaints, they are of no greater value than her own testimony. The objective evidence is that she does not show need for high doses of strong medication, or muscle atrophy, or reflex abnormalities. While Dr. Verghis noted some disturbances in skin sensation, those were not, for the most part, distributed along neurological pathways, and were not indicative of severe pain. The Court finds no error in the treatment of Dr. Verhis' and Dr. Geevarghese's records.

Neither does the Court find error in the weight accorded to the opinion of treating physicians. In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. The ALJ provided those reasons.

Dr. Kirk noted guarding of right arm in January of 2002, and recorded Ms. Gribbins' reports of pain on motion of shoulder, elbow or wrist. However, at the same exam, he found no neck pain, no back pain, no decreased range of motion, and sensory, motor and reflexes within normal limits. Tr. 196-197. Thus, once again, plaintiff's credibility rather than a physician's clinical findings are in issue. Dr. Howley found moderate to marked weakness in the right arm, and he recorded her subjective reports regarding pinprick and pain. Tr. 193. At the same exam, he stated that he was unable to identify a condition that would explain the symptoms she reported.

With respect to plaintiff's mental impairments, Dr. Marca opined on July 15, 2003 that Ms. Gribbins had only fair ability to follow work rules, use judgment, interact with supervisors, function independently and maintain attention or concentration, and had poor or no ability to relate to co-workers, deal with the public, and deal with work stress. Tr. 413. Her reasoning was that Ms. Gribbins condition made her irritable and unable to handle ordinary stress. Tr. 414. Dr. Marca gave similarly dismal views of Ms. Gribbins' ability to make performance adjustments or to make personal/social adjustments. Tr. 414. The problem, however, is that plaintiff fails to point to any of Dr. Marca's records or clinical observations that support these opinions. Furthermore, these conclusory statements are at odds with many of the therapists' and consultants' records that indicate "situational difficulties" (Tr. 387), "feeling better lately," (Tr. 384), depressive disorder "moderate" (Tr. 512), "judgment deemed fair" (Tr. 518), etc.

Finding no legal error in the ALJ's analysis, the Court concludes that substantial evidence supports the decision. An order in conformity has this day entered.